UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SAMUEL H. WILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.           ) | 3:09-cv-95-RLY-WGH |
| ) | |
| PTS LEASEWAY AUTO CARRIERS and ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| TEAMSTERS-LOCAL #215, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON PLAINTIFF'S MOTION FOR
## LEAVE TO AMEND COMPLAINT

### I.  Introduction

This matter is before the court on Plaintiff's Motion for Leave to Amend Complaint filed October 20, 2009.  (Docket No. 32).  Defendant Chauffeurs, Teamsters and Helpers Local Union No. 215 ("Union") filed a Response on November 3, 2009.  (Docket No. 38).

### II.  Analysis

Plaintiff filed this motion seeking to amend his Complaint; Defendant Union has already filed an Answer.  The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure.  That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave

should be freely given when justice requires.  FED. R. CIV. P. 15.  "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile."  *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

In this case, Plaintiff is a Union member whose Complaint raises two separate causes of action:  a breach of the duty of fair representation against Plaintiff's Union (Complaint ¶¶ 23-27), and a breach of the collective bargaining agreement by Plaintiff's employer (Complaint ¶¶ 28-30).  Plaintiff seeks to amend his Complaint in order to reflect his intention that his claim against the Union for breach of the duty of fair representation is being brought pursuant to 28 U.S.C. § 1337(a).  In his Motion For Leave to Amend Complaint, Plaintiff does not address how this change affects the Union's pending Motion to Dismiss.  Nor does Plaintiff provide any authority for such a change.

It is clear from the Magistrate Judge's review of the parties' briefs and the relevant authorities that the claim that Plaintiff brings in his Complaint is referred to as a hybrid section 301/fair representation case.  As the Seventh Circuit clearly explains:

> Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, permits a union employee to sue his employer for the violation of collective bargaining agreements.  However, where the union and the employer have agreed to submit disputes to a grievance-arbitration process, the employee must first show that the union has breached its duty of fair representation.  *See Hines v. Anchor Motor Freight,* 424

>U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).  The cause of action against the union is implied under the National Labor Relations Act.  29 U.S.C. §§ 151 *et seq.*  To prevail against either the employer or the union, therefore, the employee must show that the employer's action was contrary to the collective bargaining agreement and that the union breached its duty.  Such an action is typically labeled a hybrid section 301 fair representation claim.

*Flores v. Levy Co.,* 757 F.2d 806, 808 (7th Cir. 1985)(citing *DelCostello v. International Broth. of Teamsters,* 462 U.S. 151, 161-65, 103 S.Ct., 2281, 2289-91, 76 L.Ed.2d 476 (1983)).  This is exactly the type of case we are presented with here.  Pursuant to the Supreme Court's decision in *DelCostello,* the six-month statute of limitations found in section 10(b) of the National Labor Relations Act applies to such hybrid section 301/fair representation cases.  *DelCostello,* 462 U.S. at 169-70.  And, the Seventh Circuit has confirmed that this statute of limitations applies to *all* hybrid section 301/fair representation cases.  *Flores,* 757 F.2d at 809-10.  The Magistrate Judge concludes that, based on these decisions, Plaintiff's attempt to amend the Complaint would in no way change the court's analysis of Plaintiff's claims.  Hence, Plaintiff's attempt to amend the Complaint would be futile and is, therefore, not warranted.

### III.  Conclusion

For the reasons outlined above, Plaintiff's Motion for Leave to Amend Complaint is **DENIED.**

**SO ORDERED.**

**Dated:**  November 18, 2009

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Kyle Frederick Biesecker
BIESECKER & DUTKANYCH LLC
kfb@bdlegal.com

Linda Joy Cooley
KRIEG DEVAULT, LLP
ljc@kdlegal.com

Samuel Morris
GODWIN MORRIS LAURENZI & BLOOMFIELD P.C.
smorris@gmlblaw.com

Michael A. Williams
LATHROP & GAGE LLP
mwilliams@lathropgage.com